WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rachel Rich Morales,<br><br>            Plaintiff,<br><br>v.<br><br>City of Surprise,<br><br>            Defendant. | No. CV-21-01622-PHX-DJH<br><br>**ORDER** |

Pending before the Court is Defendant City of Surprise's Motion to Dismiss (Doc. 20). Plaintiff Rachel Morales has filed a Response (Doc. 25), and Defendant filed a Reply (Doc. 31). For the following reasons, the Court finds that Plaintiff does not bring a timely hostile work environment sexual harassment claim and that she does bring a plausible retaliation claim.

**I.    Background**

Plaintiff brings this Title VII action for a hostile work environment and retaliation because of her experience as a paramedic at Defendant City of Surprise's fire department. As alleged in the First Amended Complaint ("FAC"), Plaintiff's supervisor, Captain Weston Park ("Park"), made sexual advances on her on April 4, 2019. (Doc. 19 at ¶ 16). On June 16, 2019, Plaintiff reported Park's behavior to Defendant, who "concluded that Plaintiff was subjected to sexual harassment and a hostile work environment." (*Id.* at ¶¶ 23–24). As alleged, part of the resulting disciplinary action prohibited Park "from working any overtime during Plaintiff's designated shifts to prevent Plaintiff" from encountering

the supervisor. (*Id.* at ¶ 25).

On March 30, 2020, Plaintiff "experienced symptoms of irregular and slow heart rate and dizziness" and was seen by a cardiologist. (*Id.* at ¶ 38). Plaintiff tried to get "light duty work" but her claim, which was filed by Moore, had been denied despite the fact that others with similar claims had been offered light duty options. (*Id.* at ¶¶ 38, 40). Plaintiff believes this denial was a form of retaliation. (*Id.* at ¶ 43).

On October 20, 2020, Plaintiff was working a shift on an ambulance and realized that Park was working the same shift on a different ambulance. (*Id.* at ¶ 46). Upon realizing this, Plaintiff alleges she suffered from a "full-blown panic attack" because she and Park "might be stuck in the hospital's small records room where emergency transport personnel completed file work." (*Id.* at ¶ 49). She returned to the Fire Station with her colleagues where Battalion Chief Autry Cheatham told her the "department will not be held hostage to your demands." (*Id.* at ¶ 54). Plaintiff also told her colleagues during that meeting that Park had sexually assaulted her on other occasions, and she said she had not reported those assaults because she lacked proof and feared her peers would not believe her. (*Id.* at ¶ 55).

Plaintiff later learned that she "may be required to work overtime" on the same shift as Park. (*Id.* at ¶ 66). She alleges Defendant's "failure to follow its own practices and disciplinary/remedial action in allowing Captain Park to work on Plaintiff's shift is a failure to provide a safe, harassment free working environment." (*Id.* at ¶ 69). She alleges that other male employees had been effectively separated from working together due to their "personality conflicts . . . ." (*Id.* at ¶ 72).

Finally, on April 1, 2021, Plaintiff alleges she learned that the department's Chief Brenden Espie and Captain Mike Payne made disparaging comments about her. (*Id.* at ¶¶ 73, 75).

Plaintiff filed a charge of sex discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") on or about June 14, 2021. (*Id.* at ¶ 3). The EEOC issued Plaintiff a notice of right to sue. (*Id.* at ¶ 4). And Plaintiff filed this

action on September 21, 2021. (Doc. 1). Plaintiff filed her FAC on January 28, 2022.

Count one of the FAC alleges that Defendant discriminated against Plaintiff on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964. (Doc. 19 at ¶ 78). This discrimination consisted of Defendant creating a hostile work environment and failing to keep Park from working the same shift as Plaintiff. (*Id.* at ¶ 81). She claims she is subject to differing work conditions as compared to the other male employees who were permitted to not work together. (*Id.* at ¶ 83).

Count two alleges that she suffered from retaliatory behavior as a result of reporting sexual harassment in violation of Title VII. (*Id.* at ¶ 87). Defendant's allegedly retaliatory behavior includes: denying her workers' compensation request, falsely accusing her of improper behavior, being told she would need to work with Park, disparaging statements, and failing to provide the same protections as male colleagues. (*Id.*)

Defendant now moves to dismiss the FAC for failing to state a claim.

## II.  Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim. *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). Complaints must make a short and plain statement showing that the pleader is entitled to relief for its claims. Fed. R. Civ. P. 8(a)(2). This standard does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not generally require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555. A complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Dismissal of a complaint for failure to state a claim can be based on either the "lack

of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In reviewing a motion to dismiss, "all factual allegations set forth in the complaint 'are taken as true and construed in the light most favorable to the plaintiffs.'" *Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). But courts are not required "to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

### III. Discussion

The Court addresses each claim in turn.

#### a. Count One – Hostile Work Environment Sexual Harassment

Defendant argues that Plaintiff's sexual harassment claim is untimely. To have filed a timely claim, a plaintiff bringing a hostile work environment claim must file a charge with the EEOC within "300 days of any act that is part of the hostile work environment." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 118 (2002). As alleged, Plaintiff filed her EEOC charge on June 14, 2021. (Doc. 19 at ¶ 3). Defendant argues that the FAC fails to allege acts of sexual harassment that occurred within the prior three hundred days of this filing, which would be August 18, 2020.

Plaintiff concedes that none of Park's alleged sexual harassment occurred within the three-hundred-day period because Defendant "initially met its obligation to take adequate measures by taking action to prevent [Plaintiff] from working with Park." (Doc. 25 at 11). However, because Plaintiff learned on October 20, 2020, that Park was working on the same shift as her, albeit in a different ambulance, Defendant failed to continue taking adequate measures. (*Id.*) This change in remedial measures led Plaintiff to file her EEOC charge. Under these circumstances, Plaintiff argues, the equitable estoppel doctrine should excuse her tardy filing.

Courts invoke the equitable estoppel doctrine when a defendant has taken steps to prevent a plaintiff from timely filing suit. *Johnson v. Henderson*, 314 F.3d 409, 414 (9th

Cir. 2002). The type of steps a defendant must take to warrant equitable estoppel amount to "fraudulent concealment" in the form of "active steps to prevent the plaintiff from suing in time." *Id.* (cleaned up) (noting the Ninth Circuit's adoption of the Seventh Circuit's "fraudulent concealment" requirement *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450–51 (7th Cir. 1990)). "Fraudulent concealment necessarily requires active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." *Id.* (cleaned up).

Here, allegations that Plaintiff was surprised to learn that Park was working at the same time as she was do not suffice to plausibly allege Defendant fraudulently concealed efforts to prevent Plaintiff from filing suit. Instead, a fair reading of the FAC shows Plaintiff could have brought a suit earlier but decided not to. The Court will, therefore, dismiss the hostile work environment sexual harassment claim.

### b. Count Two – Retaliation

To bring a Title VII retaliation claim a plaintiff must allege that "her protected activity was a but-for cause of the alleged adverse action by the employer." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013). As alleged, Plaintiff engaged in a protected activity when she reported the sexual harassment and has suffered various forms of retaliation as a result, such as being forced to use personal time off so to avoid situations when Park was scheduled on her same shift. (Doc. 19 at ¶ 87).

Defendant argues that this allegation fails to show causation because it requires too much speculation about "some unknown person or persons" who "made decisions that negatively impacted" Plaintiff. (Doc. 20 at 11). And yet the Court, at the motion to dismiss stage, is required to draw inferences in Plaintiff's favor. *See Lee*, 250 F.3d at 679. The Court finds that the retaliation claim is at least plausible.

…

…

…

…

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 20) is **granted** in part and **denied** in part. The Court will dismiss Plaintiff's hostile work environment sexual harassment claim as untimely.

Dated this 2nd day of September, 2022.

_____
Honorable Diane J. Humetewa
United States District Judge